1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEJON MABON, | No.  2:23-CV-1004-TLN-DMC-P |
| Petitioner, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| JIM COOPER, | |
| Respondent. | |

Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition for a writ of habeas corpus, ECF No. 1.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.

Here, Petitioner commenced this action on a form for a petition under 28 U.S.C. § 2241.  <u>See</u> ECF No. 1.  In the petition, Petitioner states that he is a pre-trial detainee being held by "state authorities."  <u>Id.</u> at 1.  Petitioner also states that he is <u>not</u> challenging the validity of a conviction or sentence.  <u>See id.</u> at 4.  For grounds for relief, Petitioner alleges false imprisonment, false evidence, and false testimony.  <u>See id.</u> at 7.

1

1          When a state prisoner challenges the legality of his custody – either the fact of

2 confinement or the duration of confinement – and the relief he seeks is a determination that he is

3 entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ

4 of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);

5 see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

6 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of

7 confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights

8 action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see

9 also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's

10 claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas

11 corpus' and may be brought, if at all, under § 1983").  Thus, 28 U.S.C. § 2254 cannot be used to

12 challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the

13 fact or duration of confinement.

14          Petitioner's claims in this case do not appear to relate to the Court's habeas corpus

15 jurisdiction in that they assert claims based on alleged false imprisonment, which claims would

16 not result in immediate or earlier release if successful.  In fact, Petitioner states that he is not

17 challenging the validity of any underlying state court conviction or sentence.  Claims for false

18 imprisonment or malicious prosecution, akin to the claims raised here, are cognizable, if at all,

19 under § 1983.  See Brower v. Cnty. of Inyo, 489 U.S. 593, 595 (1989).

20          In some instances, a malicious prosecution claim necessarily implies the invalidity

21 of an underlying criminal sentence and, under the so-called Heck bar, is not cognizable under §

22 1983 unless the underling criminal sentence has been resolved in the plaintiff's favor.  See Heck

23 v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because

24 allegations were akin to malicious prosecution action which includes as an element a finding that

25 the criminal proceeding was concluded in plaintiff's favor).  The Court does not address whether

26 the Heck bar would preclude a § 1983 claim because Petitioner has not presented this case as a §

27 1983 action and, thus, the issue is not yet ripe for adjudication.

28 / / /

2

1         Based on the foregoing, the undersigned recommends that Petitioner's petition for

2  a writ of habeas corpus, ECF No. 1, be summarily dismissed without prejudice to re-filing his

3  claims in the context of a civil rights action under § 1983.

4         These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court.  Responses to objections shall be filed within 14 days after service of

8  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

9  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   Dated:  August 15, 2023

11

12                                   DENNIS M. COTA
                                       UNITED STATES MAGISTRATE JUDGE